IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALICIA NICOLE SKELLY,           )
                                )
        Plaintiff,               )
                                )
    v.                           )    Civil Action No. 17-169-E
                                )
NANCY A. BERRYHILL, ACTING       )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
        Defendant.               )

O R D E R

AND NOW, this 31st day of August, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). See also

Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly evaluate the medical opinions in this matter and, ultimately, erred in finding her to be not disabled under the Social Security Act. The Court disagrees and finds that substantial evidence supports the ALJ's treatment of the opinion evidence and his decision that Plaintiff is not disabled.

Plaintiff asserts that the ALJ should have given more weight to the opinion of Cynthia Wright, D.Ed. (R. 296-304), a consultative examiner in this case, than to that of Ray Mike, Ph.D. (R. 88-99), who reviewed the record and performed a psychiatric review technique. As Plaintiff correctly states, the ALJ gave significant weight to aspects of Dr. Wright's opinion, but gave the opinion less weight in regard to her assessment that Plaintiff had marked limitations in making judgments on complex work-related decisions and in interacting appropriately with co-workers and supervisors. (R. 27). The ALJ gave great weight to Dr. Mike's opinion, which provided for only moderate limitations in these, and several other, areas. (Id.). The Court finds here that this treatment was warranted.

Plaintiff's primary contention is that, unlike Dr. Mike, Dr. Wright actually examined her, which should lend more weight to her opinion. However, this oversimplifies the process. Although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

The record here establishes that the ALJ certainly could give more weight to the opinion of the state reviewing agent than to that of the non-treating consultant. In

2

making this determination, the ALJ based his findings on several factors, including the objective medical evidence in the record, the nature and effectiveness of Plaintiff's treatment, and the fact that Dr. Wright's opined limitations were the result of a one-time examination. (R. 24-25, 27). In giving the state reviewing agent's opinion greater weight, the ALJ also noted that Dr. Mike had access to more and more recent evidence regarding Plaintiff's symptoms, treatment, and activities of daily living, including part-time work she performed during the relevant period. (R. 27). Contrary to Plaintiff's assertions that these reasons lacked a record basis, the ALJ specifically cited to portions of the record supporting his findings. It is also worth noting that Dr. Wright was a consulting, not a treating physician, and that unlike the opinion of a treating physician, which pursuant to the regulations governing during the relevant time period, must be given controlling weight under certain circumstances, see 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), the opinion of a consultant is not entitled to be given the same type of controlling weight.

Moreover, this case was not a mere "battle of opinions." While the ALJ did consider the medical opinions, he relied on more than that in formulating Plaintiff's residual functional capacity ("RFC"). He discussed the findings of Plaintiff's treating health care professionals, the nature and effectiveness of her treatment, her activities of daily living, and her own subjective claims in making his findings. This is consistent with the concept that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); Social Security Ruling 96-5p, 1996 WL 374183 (S.S.A.) (1996). That is what the ALJ did here based on the totality of the evidence.

Furthermore, the ALJ limited Plaintiff to simple, routine, repetitive tasks involving only simple work-related decisions with few, if any, workplace changes. (R. 22). Therefore, the ALJ's findings with regard to Dr. Wright's opinion as to Plaintiff's ability to make judgments on complex work-related decisions is not really at issue here. What the dispute boils down to is whether substantial evidence supported the ALJ's finding that Plaintiff's RFC included the ability to engage in occasional interaction with co-workers, no tandem tasks, and occasional supervision. Here, the ALJ provided a sufficient explanation as to how the record supports such a finding. Whether there was a basis for finding greater limitations in this regard (which the Court frankly finds unlikely), is not at issue, since it is not this Court's place to re-weigh the evidence. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986). The mere fact that Plaintiff disagrees with the result of the ALJ's analysis does not render it suspect.

Accordingly, the ALJ adequately explained the basis for his findings, and substantial evidence supports her decision. The Court therefore affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 7) is DENIED, and Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf: Counsel of record